MARY SAWYER WEAVER, ADMINISTRATRIX OF THE ESTATE OF JACKIE WEAVER v. R. J. BENNETT AND WELDON O. PARRISH.

(Filed 30 October 1963.)

1. Appeal and Error § 60—

Decision on appeal that the evidence was sufficient to be submitted to the jury on the issue of contributory negligence is the law of the case and requires the submission of the issue upon evidence at the retrial which is at least as favorable to defendant as that upon the original trial.

2. Negligence § 25—

In determining the sufficiency of evidence of contributory negligence to require the submission of that issue to the jury, the evidence must be considered in the light most favorable to defendant.

APPEAL by plaintiff from Johnston, J., May 13, 1963 Session of FORSYTH.

At Spring Term 1963, this Court, on plaintiff's appeal, reversed the judgment of involuntary nonsuit entered at the conclusion of plaintiff's evidence upon trial at January 22, 1962 Term of Forsyth Superior Court. See Weaver v. Bennett, 259 N.C. 16, 129 S.E. 2d 610, for a discussion of the pleadings and factual background.

Upon retrial in the superior court, issues of negligence, contributory negligence and damages were submitted. The jury answered the negligence issue, "Yes," and answered the contributory negligence issue, "Yes." In accordance with this verdict, the court entered judgment providing that plaintiff recover nothing of defendants, dismissing the

action and taxing plaintiff with the costs. Plaintiff accepted, appealed and assigns errors.

*Deal, Hutchins & Minor and W. Scott Buck for plaintiff appellant.*
*Hudson, Ferrell, Petree, Stockton, Stockton & Robinson for defendant appellees.*

PER CURIAM. Plaintiff assigns as error the submission of the contributory negligence issue and stresses her contention that the evidence was insufficient to support a jury finding that her intestate was contributorily negligent.

On former appeal, it was contended by defendants that the judgment of involuntary nonsuit should be affirmed on the ground, *inter alia*, that plaintiff's evidence disclosed her intestate was contributorily negligent as a matter of law. This Court said: "Careful consideration impels the conclusion that the evidence, when considered in the light most favorable to plaintiff, is sufficient to require submission for jury determination of issues as to the alleged negligence of Parrish and as to the alleged contributory negligence of Weaver." It is well settled that "a decision of this Court on former appeal constitutes the law of the case in respect to the questions therein presented and decided, both in subsequent proceedings in the trial court and on subsequent appeal upon substantially the same evidence." *Glenn v. Raleigh,* 248 N.C. 378, 103 S.E. 2d 482; *Maddox v. Brown,* 233 N.C. 519, 64 S.E. 2d 864.

The evidence on retrial tending to show the alleged contributory negligence of plaintiff's intestate was at least as favorable to defendants as the evidence considered by this Court on former appeal. In some respects, the evidence on retrial was more favorable to defendants. Moreover, apart from the foregoing rule as to "the law of the case," we adhere to the view that the evidence was sufficient to require submission of the contributory negligence issue. In determining this question, the evidence must be considered in the light most favorable to defendants. Strong, N. C. Index, Negligence § 25, and cases cited.

The other assignments of error brought forward by plaintiff challenge certain of the court's rulings on evidence and instructions to the jury. Each has been carefully considered. However, these assignments of error do not disclose prejudicial error and discussion thereof is deemed unnecessary.

No error.